**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Cora Andrews,                    Plaintiff, : : : : vs.                                                                 : : Hyundai Capital America, Inc. d/b/a Hyundai        : Motor Finance and Central Credit Services, Inc.   : :                    Defendants.           : | Civil Action No. May 31, 2013 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, the defendants, Hyundai Capital America d/b/a Hyundai Motor Finance and Central Credit Services, Inc. (the "Defendants"), by and through their undersigned counsel, hereby remove this action from the Superior Court for the State of Connecticut, Judicial District of Danbury at Danbury to the United States District Court for the District of Connecticut on the following grounds:

1. The plaintiff, Cora Andrews (the "Plaintiff"), commenced an action (the "State Action") in the Superior Court for the State of Connecticut, Judicial District of Danbury at Danbury, by Writ, Summons and Complaint dated April 26, 2013, seeking redress on behalf of herself and all other Connecticut residents (the "Class Members") whose statutory rights were allegedly violated when their motor vehicles were repossessed by the Defendants. The Clerk of the Superior Court assigned the State Action docket number DBD-CV-13-6012415-S.

2. According to the Officer's Return filed in the State Action, on May 3, 2013, a Connecticut State Marshal served a copy of the Writ, Summons and Complaint on Gary Scappini at National Registered Agents, Inc., as registered agent for service of Hyundai Capital America,

Inc. d/b/a Hyundai Motor Finance. (the "Defendants").  A true and correct copy of the Summon and Complaint are attached hereto as <u>Exhibit A</u>.

3. According to the Officer's Return filed in the State Action, on May 3, 2013, a Connecticut State Marshal served a copy of the Writ, Summons and Complaint on the Connecticut Secretary of State, as authorized agent for service of Central Credit Services, Inc. (the "Defendant").

4. On or about May 9, 2013, the Plaintiff filed a Return of Service in the State Action.  A true and correct copy of the Return of Service is attached hereto as <u>Exhibit B</u>.

5. On May 29, 2013, the Plaintiff filed a Motion for Default for Failure to Appear against the Defendants in the State Action.  On May 30, 2013, undersigned counsel appeared for the Defendants in the State Action.

6. As an initial ground for removal, this Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the Plaintiff and the Class Members are citizens of the State of Connecticut and Hyundai Capital America d/b/a Hyundai Motor Finance is a registered California corporation with a principal place of business in the State of California and Central Credit Services, Inc. is a registered Florida corporation with a principal place of business in the State of Florida and because the amount in controversy could potentially exceed $75,000, exclusive of interest and costs.  Accordingly, the case is removable under 28 U.S.C. § 1441.

7. This Court also has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 because the State Action includes claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*  Accordingly, the case is removable under 28 U.S.C. § 1441.

8.  Furthermore, the State Action constitutes a "class action," as that term is defined in 28 U.S.C. § 1332(d)(1) and is subject to removal pursuant to 28 U.S.C. § 1453.

9.  Under 28 U.S.C. 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendants if such initial pleading has then been filed in court and is not required to be served on the defendants, whichever period is shorter." This Notice of Removal (the "Notice") is timely filed under 28 U.S.C. § 1446(b) because Defendants are filing this Notice within 30 days of receipt of the Summons and Complaint.

## DIVERSITY JURISDICTION

10.  This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a). Both requirements are satisfied here, and this Court has original jurisdiction over this action.

11.  Complete diversity exists between the parties to this action. As alleged in the Complaint, Hyundai Capital America d/b/a Hyundai Motor Finance is a registered California corporation with a principal place of business in the State of California (Compl. ¶ 3) and Central Credit Services, Inc. is a registered Florida corporation with a principal place of business in the State of Florida (Compl. ¶ 4).

-3-

12.     As alleged in the Complaint, the Plaintiff and the Class Members are all citizens and residents of Connecticut.  (Compl. ¶¶ 1 and 2.)

13.     There is complete diversity between the parties because the Defendants are not registered or domiciled in the same state as the Plaintiff or any other Connecticut resident who may eventually become a Class Member.

14.     This action also satisfies the amount in controversy requirement of $75,000, exclusive of interest and costs, as the Plaintiff claims damages "in excess of" $15,000.00 in addition to  statutory, actual and punitive damages and attorneys fees and costs.  Additionally, the claims of other Class Members, if aggregated with the Plaintiff's claims, would add to the amount in controversy.  *See* 28 U.S.C. § 1332(a).

15.     The Plaintiff alleges in the Complaint that they have been damaged in an amount that exceeds $15,000, exclusive of statutory, actual and punitive damages, interests and costs and attorneys' fees and expenses (*See* WHEREFORE subparagraphs a – i).  Additionally, the Plaintiff has broken down the claims of Class Members into three subclasses as well as the Class Members themselves. The Plaintiff estimates there could be 40 individuals in two combined subclasses, more than 100 individuals in the remaining subclass and more than 200 individual Class Members.  (*See* Compl. ¶29.)

16.     As demonstrated above, the requirements of 28 U.S.C. § 1332 are satisfied, and this Court has original jurisdiction over this action.  Accordingly, this case is removable by the Defendants pursuant to 28 U.S.C. .§ 1441.

## **FEDERAL QUESTION JURISDICTION**

17.     Moreover, this Court has original jurisdiction over "all civil actions arising under the … laws … of the United States.  28 U.S.C. § 1331.  In this case, the Plaintiff asserts claims

under the Fair Debt Collection Practices Act, 15 U.S.C. § 1632, *et seq.* Accordingly, this Court has original jurisdiction over this action.

18. As this Court has original federal question jurisdiction over this case, removal is proper pursuant to 28 U.S.C. § 1441.

## CLASS ACTION REMOVAL

19. 28 U.S.C. § 1332(d) defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

20. 28 U.S.C. § 1453 provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446 … without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

21. A review of the Complaints makes clear that the Plaintiff has filed the State Action pursuant to Connecticut law and procedure providing for "an action to be brought by 1 or more representative persons as a class action." (Complaint, ¶¶ 1, 25-34.) Accordingly, the State Action satisfies the definition of "class action" under 28 U.S.C. §§ 1332(d)(1) and 1453(a). As such, removal of this action is proper pursuant to 28 U.S.C. § 1453(b).

## RESERVATION OF RIGHTS

22. In filing this Notice, the Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the corporation or venue, and the Defendants specifically reserve their right to assert any defenses and objections to which they may be entitled and to contest the propriety of any class action.

## NOTICE TO PLAINTIFF AND STATE COURT

23. In accordance with 28 U.S.C. § 1446(d), the Defendants will file a copy of this Notice with the Clerk of the Superior Court for the State of Connecticut, Judicial District of Danbury at Danbury and will give written notice of the filing of this Notice to the Plaintiff.

**WHEREFORE**, the Defendants, Hyundai Capital America d/b/a Hyundai Motor Finance and Central Credit Services, Inc., respectfully request that the State Action be removed from the Superior Court for the State of Connecticut, Judicial District of Danbury at Danbury to the United States District Court for the District of Connecticut.

Dated: May 31, 2013

By: /s/ *James J. Tancredi*
James J. Tancredi (ct06819)
Joshua W. Cohen (ct14731)
Bryan J. Orticelli (ct28643)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103
Telephone: (860) 275-0100
Facsimile: (860) 275-0343
E-mail: jjtancredi@daypitney.com
jwcohen@daypitney.com
borticelli@daypitney.com

*Counsel for the Defendants Hyundai Capital America d/b/a Hyundai Motor Finance and Central Credit Services, Inc.*

43782021.3