# EXHIBIT  A

# SUMMONS - CIVIL

JD-CV-1   Rev. 9-12
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

See page 2 for instructions

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☒ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 146 White Street, Danbury, CT 06810 | ( 203 )207-8600 | **May** | **21** , | **2 013** |
| | | Month | Day | Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | **Danbury** | Major: **C** | Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Consumer Law Group, LLC, 35 Cold Spring Road, Suite 512, Rocky Hill, CT 06067 | **414047** |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 571-0408 | |

| Number of Plaintiffs: 1 | Number of Defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name:  **Andrews, Cora**<br>Address: **7 Hobson Street, Apt. B, Danbury, CT 06810** | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name:  **Hyundai Capital America, Inc. d/b/a Hyundai Motor Finance**<br>Address: **3161 Michelson Drive, Suite 1900, Irvine, CA 92612**<br>**c/o National Registered Agents, Inc. One Corporate Center, Hartford, CT 06103** | D-01 |
| **Additional Defendant** | Name:  **Central Credit Services, Inc.**<br>Address: **9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225**<br>**c/o Secretary of the State, 30 Trinity Street, Hartford, CT 06106** | D-02 |
| **Additional Defendant** | Name:<br>Address: | D-03 |
| **Additional Defendant** | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>**Daniel S. Blinn** | Date signed<br>**04/26/2013** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

**Dora P. Fernandez, 35 Cold Spring Road, Suite 512, Rocky Hill, CT 06067**

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>**04/26/2013** | Docket Number |
|---|---|---|---|

RETURN DATE:    MAY 21, 2013      :     SUPERIOR COURT

CORA ANDREWS,                :
INDIVIDUALLY AND BEHALF OF ALL
OTHERS SIMILARLY SITUATED     :     JUDICIAL DISTRICT OF
   Plaintiff                       DANBURY
                               :
v.
                               :
HYUNDAI CAPITAL AMERICA d/b/a/
HYUNDAI MOTOR FINANCE AND     :
CENTRAL CREDIT SERVICES, INC.
   Defendants                 :     APRIL 26, 2013

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.  Cora Andrews (hereinafter referred to as "Plaintiff") brings this consumer class action on behalf of herself and all other Connecticut residents (the "Class Members") whose statutory rights were violated when their motor vehicles were repossessed by the defendant Hyundai Capital America, Inc. d/b/a/ Hyundai Motor Finance ("Hyundai").  Following the resale of their Vehicles, Hyundai sent Plaintiff and the class members deficiency notices in which Hyundai had credited their accounts with an amount that it had determined to be the fair market value of their vehicles.   Hyundai subsequently assigned the accounts to defendant Central Credit Services, Inc. ("CCS")

for collection purposes, but it provided CCS with account balances that credited accounts with only the net proceeds of the resales.  CCS subsequently sent collection notices to Plaintiffs and the class members seeking claimed balances that failed to incorporate the fair market values previously determined by Hyundai and that claimed costs not recoverable under The Connecticut Retail Installment Sales Finance Act ("RISFA") Conn. Gen. Stat § 36a-770 *et seq.*  Plaintiff alleges that Hyundai's actions violated the foreclosure provisions RISFA, Conn. Gen. Stat. § 36a-785, the Connecticut Creditors Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et* seq., and the Connecticut Unfair Trade Practices Act ("CUTPA").  Plaintiff further alleges that the conduct of CCS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

PARTIES

2.  Plaintiff is a consumer over the age of 18 and resides in Danbury, Connecticut.  Plaintiff brings this action on behalf of a class of others similarly situated.

3.  Hyundai is a California automobile finance company with headquarters in Irvine, California.  Hyundai is engaged in the business of accepting assignment of motor vehicle finance contracts from Hyundai dealerships.

4.  CCS is a Florida corporation with its primary headquarters in Jacksonville, Florida, is a "debt collector" as defined by the FDCPA, and is licensed with the Connecticut Department of Banking as a Consumer Collection Agency.

### PLAINTIFF'S TRANSACTION

5.  On or about November 30, 2009, Plaintiff purchased a 2010 Hyundai Elantra ("the Vehicle") from a Connecticut Hyundai dealership.  In connection with the purchase, she entered into a retail installment sales contract with the seller.

6.  The dealership assigned the retail installment sales contract to Hyundai, and plaintiff commenced making her car payments to Hyundai.

7.  On or around October 2012, Plaintiff fell behind in her monthly payments and the Vehicle was repossessed.

8.  Plaintiff did not redeem the Vehicle, and it was resold by Hyundai, resulting in a deficiency ("the Debt").

### RISFA SUBSECTIONS 36a-785(f) AND (g) VIOLATIONS- HYUNDAI

9.  Following the sale of Plaintiff's vehicle, Hyundai sent Plaintiff a "Statement of Sale" dated December 12, 2012 which stated that Plaintiff's account balance of

$12,846.18 (as calculated by Hyundai) had been credited  by the amount of $11,550, which was the amount that Hyundai had determined was the fair market value of the Vehicle as of the date of repossession.

10. The Vehicle's FMV, as determined by Hyundai and as disclosed in the "Statement of Sale", exceeded the actual proceeds of the resale of $9,100.

11. Hyundai added to Plaintiff's account balance the expense of repossession and storage in the amount of $375.00.

12. Hyundai also added to Plaintiff's account balance the expenses of reselling the Vehicle in the amount of $251.00, even though subsections 36a-785(f) and (g) do not permit the inclusion of such charges.

13. After the proper crediting of Plaintiff's account with the fair market value of the Vehicle, the proper charging of the cost of repossession and storage, and the improper charging of the cost of resale, Hyundai claimed a deficiency of$1,922.18.

14. However, after sending the "Statement of Sale", Hyundai assigned the account to CCS for collection and informed CCS that the deficiency balance was $4,372.18.

15. The $4,372.18 deficiency balance that Hyundai attempted to collect was derived from the actual sale proceeds of the Vehicle ($9,100) rather than the previously calculated fair market value of the Vehicle ($11,550), and this deficiency balance also included the costs of resale ($251).

CONNECTICUT CREDITORS COLLECTION PRACTICES ACT CLAIMS – HYUNDAI

16. In addition to its attempt to its attempts to calculate a deficiency balance in excess of the amounts permitted by RISFA, Hyundai also reported the inflated outstanding balance of $4,372.18 to consumer reporting agencies ("CRAs").

a. By attempting to collect a deficiency balance that failed to credit for the fair market value that it previously calculated, and by including the expenses of resale, and by reporting the resulting inflated deficiency balance to the CRA's, Hyundai used fraudulent, deceptive or misleading representation(s), device(s) or practice(s) in an attempt to collect the Debt by soliciting an amount not authorized by the agreement creating the Debt and not permitted by law, in violation of Conn. Agencies Regs. § 36a-647-5(7); and by making false representations of the character, amount and

legal status of the Debt in violation of Conn. Agencies Regs. § 36a-647-6(2)(A).

17. As a result of Hyundai's violations of the CCPA, Plaintiff suffered harm including, but not limited to, false derogatory information reporting on her credit report, an increased deficiency reported on her credit report, and receipt of collection materials and collection attempts for an amount greater than the amount owed.

## CONNECTICUT UNFAIR TRADE PRACTICES ACT CLAIMS- HYUNDAI

18. Through its aforedescribed violations of CCPA and RISFA, Hyundai violated CUTPA.

19. As a result of Hyundai's CUTPA violations, Plaintiff suffered ascertainable losses, including, but not limited to false derogatory information reporting on her credit report, an increased deficiency reported on her credit report and receipt of collection materials and collection attempts for an amount greater than the amount owed.

## FAIR DEBT COLLECTION PRACTICES ACT CLAIMS- CCS

20. Following assignment by Hyundai, CCS attempted to collect $4,372.18 from Plaintiff to satisfy the Debt.

21. Through its attempts to collect the full outstanding balance plus the costs of expenses and retaking and the cost of sale, CCS violated the FDCPA.

22. Specifically, CCS

a. Made false representations of the character, amount, or legal status of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

b. Threatened to take action that could not legally be taken or that it did not intend to take, in violation of 15 U.S.C. § 1692e(5).

c. Attempted to collect amounts not expressly authorized by the agreement creating the Debt and not permitted by law, in violation of 15 U.S.C. § 1692f(1).

### CONNECTICUT UNFAIR TRADE PRACTICES ACT CLAIMS- CCS

23. Through its aforedescribed violations of FDCPA, CCS violated CUTPA.

24. As a result of CCS's CUTPA violations, Plaintiff suffered ascertainable losses, including, but not limited to receipt of collection materials and collection attempts for an amount greater than the amount owed.

CLASS ALLEGATIONS

25. Plaintiff brings this action as a class action.  The class is comprised of individuals who are similarly situated to Plaintiff, in that during the period commencing six years prior to the commencement of this action, they:

    a.  purchased a motor vehicle from a Connecticut car dealership pursuant to a retail installment sales contract that did not designate that the vehicle was purchased for commercial or agricultural use;

    b.  whose retail installment contracts or installment loan contracts were subsequently assigned to Hyundai;

    c.  whose motor vehicles were subsequently repossessed and resold by Hyundai;

    d.  to whom Hyundai sent a "Statement of Sale" in which it disclosed that it had credited the their accounts with one-half of the sum of the average trade-in value plus the average retail value of the vehicles as stated in the NADA Used Car Guide, Eastern Edition, as of the date of the repossession;

e. as to whom Hyundai subsequently attempted to collect deficiency balances (the "Inflated Deficiency Balances") that were determined, in part, by crediting their accounts with only the actual proceeds of the resale instead of the amount that Hyundai informed them that were being credited in the Statements of Sale, and which also included charges for the expenses of the resale of their vehicles.

26. There is a subclass of individuals (the "CUTPA Subclass") as to whom Hyundai attempted to collect the Inflated Deficiency Balances within three years of the commencement of this action.

27. There is a subclass of individuals (the "CCPA Subclass") as to whom Hyundai attempted to collect the Inflated Deficiency Balances within one year of the commencement of this action.

28. There is a subclass of individuals (the "FDCPA Subclass") as to whom Hyundai assigned the collection of the Inflated Deficiency Balances to CCS and to whom CCS sent, within one year of the commencement of this action, a letter attempting to collect the Inflated Deficiency Balances.

29. Plaintiff is unable to state the precise number of lass and subclass members, because that information is exclusively in the possession of Hyundai and, with respect to the FDCPA Subclass, in the possession of CCS. This information is readily available through discovery and Plaintiff estimates that there are more than 40 individuals in the CCPA Subclass and the FDCPA Subclass, that there are more than 100 individuals in the CUTPA Subclass, and there are more than 200 individuals in the Class, based on the number of car sales financed by Hyundai and industry repossession figures. The proposed Class and Subclasses are so numerous that joinder of all members would be impracticable.

30. There is a community of interest among the members of the proposed Class and Subclasses in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members. These questions include, without limitation:

  a. whether Hyundai violated:

  i. Conn. Gen. Stat. § 36a-785(f) by its attempt to collect a deficiency from the Plaintiff and Class Members greater than that permitted by that subsection (Count One);

    ii.  Conn. Gen. Stat. § 36a-785(g) by improperly adding to the Plaintiff's and Class Members' account balances the cost associated with selling their vehicles (Count One).

    iii.  Conn. Gen. Stat. § 36a-785(g) by improperly attempting to collect a deficiency amount that did not credit Plaintiff's and the Class Members' account balances with the fair market value of their vehicles.   (Count One).

    iv.  Conn. Gen Stat § 36a-646 and the regulations promulgated under Conn. Gen. Stat § 647 by improperly attempting to collect amounts not permitted by RISFA. (Count Two)

    v.  Conn Gen. Stat. § 42-110b through its violations of RISFA and CCPA. (Count Three).

  b.  whether CCS violated

    i.  FDCPA, 15 U.S.C. § 1692e by improperly attempting to collect the debt. (Count Four)

    ii.  FDCPA, 15 U.S.C. § 1692f by improperly attempting to collect the debt (Count Four)

iii. Conn. Gen. Stat. § 42-110b by improperly attempting to collect the debt. (<u>Count Five</u>).

31. Proof of a set of common facts will establish the liability of the defendants and the right of each Class and Subclass member to recover. The breaches of statutory duties to the Plaintiff and Class and Subclass members will be proven from a common set of facts and application of statutory construction.

32. Plaintiff's claims are typical of those of the Class and Subclasses that she represents.

33. Plaintiff will fairly and adequately represent the interests of the Class and Subclasses.

34. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual Class and Subclass members are relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for the Class and Subclass members to seek redress individually. The prosecution of separate actions by the individual Class and Subclass members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by

individual class members, and could create incompatible standards of conduct for the defendants.

## COUNT ONE
### Class Claim for violation of RISFA - Hyundai

1-34. Plaintiff incorporates paragraphs 1-34, above.

35. After resale of the Plaintiff's and Class Member's repossessed vehicles, Hyundai determined the fair market value of the vehicles and notified them of that amount.

36. Hyundai subsequently sought to collect deficiencies in an amount greater than permitted by Conn. Gen. Stat. § 36a-785(f) and (g) by costs associated with the resale of the vehicles to the account balances, by failing to credit the accounts with the fair market value that it had previously calculated, or both.

37. Hyundai is liable to Plaintiff and the Class Members for the greater of their actual damages or one-quarter of the amount that they have paid under their retail installment contracts, pursuant to Conn. Gen. Stat. § 36a-785(i).

38. Plaintiff and the Class Members are entitled to an order that they do not owe any deficiency balance.

COUNT TWO

CCPA Subclass Claim - Hyundai

1-38. Plaintiff incorporates paragraphs 1-38 of Count One as Paragraphs 1-38 of the CCPA Subclass Claim.

39. Following the resale, Hyundai used fraudulent, deceptive or misleading representation(s), device(s) or practice(s) in an attempt to collect the Inflated Deficiency Balances.

40. Specifically, Hyundai

    a.  Solicited amounts from Plaintiff and the CCPA Subclass members not authorized by the agreement creating their Debts and not permitted by law, in violation of Conn. Agencies Regs. § 36a-647-5(7); and

    b.  Made false representations of the character, amount and legal status of Plaintiff's and the CCPA Subclass members' debts in violation of Conn. Agencies Regs. § 36a-647-6(2)(A).

41. As a result of Hyundai's violations of the CCPA, Plaintiff and CCPA Subclass members suffered harm including, but not limited to, false derogatory information reporting on their credit reports, an increased deficiency reported on their

credit reports, and receipt of collection materials and collection attempts for an amount greater than the amount owed.

42. Hyundai is liable to the Plaintiff and the Class Members for statutory damages of up to $1,000 plus reasonable attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648.

COUNT THREE<br>CUTPA Subclass Claim - Hyundai

1-42. Plaintiff Incorporates Paragraphs 1-42 of the Second Count as paragraphs 1-42 of the Third Count.

43. Hyundai committed violations of RISFA and the CCPA, as alleged above, with respect to the CUTPA Subclass members.

44. Through its violations of RISFA and CCPA, Hyundai engaged in unfair and deceptive practices in violation of CUTPA.

43. As a result of Hyundai's CUTPA violations, Plaintiff and the CUTPA Subclass members suffered ascertainable losses, including, but not limited to false derogatory information reporting on their credit reports, an increased deficiency

reported on their credit reports and receipt of collection materials and collection attempts for an amount greater than the amount owed.

45. Hyundai is liable to Plaintiff and the CUTPA Subclass members for their actual damages, plus reasonable attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

## COUNT FOUR
### FDCPA Subclass Claim – CCS

1-38. Plaintiff incorporates paragraphs 1-38 of the First Count as paragraphs 1-38 of the Fourth Count.

39. Following assignment by Hyundai, CCS attempted to collect Inflated Deficiency Balances from Plaintiff and the FDCPA Subclass members.

40. In so doing, CCS

    a. Made false representations of the character, amount, or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(A).

    b. Threatened to take action that could not legally be taken or that it did not intend to take, in violation of 15 U.S.C. § 1692e(5).

     c.  Attempted to collect amounts not expressly authorized by the agreement creating the debts and not permitted by law, in violation of 15 U.S.C. § 1692f(1).

14. CCS is liable to Plaintiffs and the FDCPA Subclass members for statutory damages pursuant to 15 U.S.C. § 1692k(2)(B) plus attorney's fees and costs.

**WHEREFORE**, plaintiff seeks the following relief for herself and the Class Members:

    a.    Damages in an amount in excess of $15,000;

    b.    Statutory damages pursuant to Conn. Gen. Stat. § 36a-785(i);

    c.    Statutory damages pursuant to Conn. Gen. Stat. § 36a-648(a)(2);

    d.    Attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648(a)(3);

    e.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    f.    Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    g.    Actual damages pursuant to Conn. Gen. Stat. § 42-110g(a);

    h.    Punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a);

    i.    Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g(d);

    j.    An order that no deficiency is owed on the accounts; and

    k.    Such other relief as may apply at law or at equity.

PLAINTIFF: Cora Andrews Individually
and On Behalf of a Class of Others
Similarly Situated

By: _____
Daniel S. Blinn
Hailey R. Gallant
dblinn@consumerlawgroup.com
hgallant@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Rocky Hill, CT 06067-9997
Tel (860) 571-0408;
Fax (860) 571-7457
Juris No. 414047